No. 24-30664

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**JASON BROUSSARD**,
*Plaintiff - Appellant*

**Versus**

**EXXON MOBIL CORPORATION**,
*Defendant - Appellee*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF LOUISIANA

Civil Action No. 22-843-BAJ-RLB
Honorable Brian A. Jackson District Judge, presiding

CIVIL PROCEEDING

## REPLY BRIEF OF APPELLANT, JASON BROUSSARD

Respectfully Submitted,
**Andrew Murrell Law Firm**

BY:  /s/ J. Andrew Murrell
    **J. Andrew Murrell**
    Bar Roll Number:  34003
    1955 Carolyn Sue Drive
    Baton Rouge, LA  70815
    Telephone/Fax: (844) 626-3739
    Email:  Andrew@AndrewMurrell.com
    *Attorney for JASON BROUSSARD*

# I.    TABLE OF CONTENTS

Contents                                                    Page(s)

I.    TABLE OF CONTENTS ................................................................. i

II.    TABLE OF AUHTORITIES……………………………………………..ii

III.    ARGUMENT.................................................................................1

    A.    Appellee's argument fails to demonstrate that the district court did not err when it did not recognize a breach of contract claim relative to the initial offer and acceptance of payment of pension funds………………………1

    B.    Appellee's argument fails to demonstrate that the district court did not err when it did not recognize genuine issues of material facts relative to the exhaustion administrative remedies………………………………………6

    C.    Appellee's argument fails to demonstrate that the district court did not err when it did not recognize a valid complaint under ERISA when sufficient particulars had been pled while the act had not been specifically named…8

    D.    Appellee's argument fails to demonstrate that the district court did not err when it did not recognize the presence of  additional actions available under benefit plan……………………………………………………….11

    E.    Appellee's argument fails to demonstrate that the district court did not err when it did not recognize that shift differential compensation was still owed………………………………………………………………..14

IV.    CONCLUSION...........................................................................166

V.    CERTIFICATE OF SERVICE…………………………………………18

VI.    CERTIFICATE OF SERVICE…………………………………………19

# II.    <u>TABLE OF AUTHORITIES</u>

## <u>STATUTORY AUTHORITIES</u>

La. C.C. art. 1927……………………………………………………………...1

La. C.C. art. 1938……………………………………………………………...1

## <u>JURISPRUDENTIAL AUTHORITIES</u>

<u>Aucoin v. Regions Financial Corporation</u>, Civil Action No. 09-3835 (E.D. La. June 3, 2014)…………………………………………………………………...1,2

<u>Bank of America, NA v. Teryl Emery DDS, LLC</u>, No. 15-CV-00778-JWD-EWD (M.D. La. July 28, 2016)……………………………………………………....1

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 159 L.Ed.2d 929 (2007)………………………………………………………………………….9

<u>Bourgeois v. Pension Plan for Emps. Of Santa Fe Int'l Corps.</u>, 215 F.3d 475 (5th Cir. 2000)……………………………………………………………………..6

<u>Cash v. Jefferson Assocs, Inc.</u>, 978 F.2d 217 (5th Cir. 1992)……………………9,13

<u>Center for Restorative Breast Surgery, LLC v. Blue Cross Blue Shield of Louisiana</u>, Civil Action No. 11-806 (E.D. La. May 6, 2016)…………………………………..5

<u>Debowale v. U.S. Inc.</u> , 62 F.3d 395 (5th Cir. 1995)……………………………..9,13

<u>Egelhoff v. Egelhoff</u>, 532 U.S. 141, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001)………5

<u>Hanger One MLU, Inc. v. Unopened Succession of Rogers</u>, 43,120 (La. App. 2 Cir. 04/16/08); 981 So.2d 180……………………………………………………...1

<u>In re Taxotere (Docetaxel) Prods. Liab. Litig</u>, 995 F.3d 384, 389 (5th Cir. 2021)….14

<u>Leimer v. State Mut. Life Assurance Co. of Worcester, Mass.</u>, 108 F.2d 302 (C.A. 8 1940)………………………………………………………………………..9

<u>Mims v. Cent. Mfrs. Mut. Ins. Co.</u>, 178 F.2d 56, 59 (5th Cir. 1949)………………10

<u>Mixon v. Pohlmann</u>, Civil Action No. 20-1216 (E.D. La. July 25, 2022)………….10

M.R. Pittman Grp., L.L.C. v. Plaquemines Par. Gov't, 182 So.3d 312, 323-324 (La. Ct. App. 2015)……………………………………………………………..14

New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U. S. 645 (1995)…………………………………………………..….5

Ocaso, S.A., Compañia de Seguros y Reaseguros v. P.R. Mar. Shipping Auth., 915 F. Supp. 1244 (D.P.R. 1996)…………………………………………….....8,10

Petrohawk Props., L.P. v. Chesapeake Louisiana, L.P., 689 F.3d 380, 388 (5th Cir. 2012)……………………………………………………………………..1

Scenic Land Constr. Co., L.L.C. v. St. Francis Med Ctr., Inc., 41,147 (La. App. 2 Cir. 07/26/06); 936 So.2d 251……………………………………………………1

Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)……………………………………………………………………….....5

Sherman v. Hallbauer, 455 F.2d 1236 (5th Cir. 1972)…………………………...9,13

State v. Murphy Cormier Gen. Contractors, Inc., 2015-111 (La. App. 3 Cir. 6/3/15), 170 So. 3d 370, 379-80, *writ denied*, 2015-1297 (La. 9/25/15), 178 So. 3d 573…..5

St. Luke's Episcopal Hosp. v. Louisiana Health Serv. & Indem. Co., No. CIV.A. H-08-1870, 2009 WL 47125 (S.D. Tex. 1/6/2009)…………………………….6,9,13

Stover v. Hattiesburg Public School Dist. , ___F.3d ___, 2008 WL 4911264 (5th Cir. Nov. 18, 2008)……………………………………………………………..9,13

Transitional Hosps. Corp. v. Blue Cross and Blue Shield of Texas, 164 F.3d 952, 955 (5th Cir. 1999)…………………………………………………………….....5

United States ex rel. B&S Equipment Co., Inc. v. North American Specialty Ins. Co., Civil Action No. 21-1373 (E.D. La. Oct. 19, 2021)…………………………8,10

## OTHER AUTHORITIES

A. Benjamin Spencer, Fed. Prac. & Pro. § 1286 (4th Ed. Wright & Miller)………..10

# III.   ARGUMENT

**A.     Appellee's argument fails to demonstrate that the district court did not err when it did not recognize a breach of contract claim relative to the initial offer and acceptance of payment of pension funds.**

As previously established, "[o]nce consent has been communicated 'orally' or 'by action or inaction … clearly indicative of consent,' a contract is born, and any obligations enumerated therein gain the force and effect of law."[1]. Furthermore, "once a written acceptance 'comes into possession of the addressee or of a person authorized by him to receive it' or 'deposited in a place the addressee has indicated as the place for this ... communication to be deposited,' the same bond has formed."[2] It is well settled that "[t]hese principles guide [the courts]—and ultimately leave no room for complication."[3]

The district court failed to note the distinctions previously presented between a cited matter and the present matter. The Appellee deliberately misconstrues the reasoning of the court in the cited matter to get around the same distinctions."[4] In

---

[1] Teryl Emery DDS, at p. 6, *quoting,* La. C.C. art. 1927, *see also,* Petrohawk Props., L.P. v. Chesapeake Louisiana, L.P., 689 F.3d 380, 388 (5th Cir. 2012).

[2] Teryl Emery DDS, at p. 6, *quoting,* La. C.C. art. 1938, *see also,* Hanger One MLU, Inc. v. Unopened Succession of Rogers, 43,120 (La. App. 2 Cir. 04/16/08); 981 So. 2d 175, 180.

[3] Teryl Emery DDS, at p. 6, *See* Scenic Land Constr. Co., L.L.C. v. St. Francis Med Ctr., Inc., 41,147 (La. App. 2 Cir. 07/26/06); 936 So.2d 251, 251 ("When a contract is subject to interpretation from the four corners of the instrument, without the necessity of extrinsic evidence, that interpretation is a matter of law.").

[4] Aucoin v. Regions Financial Corporation, Civil Action No. 09-3835, WL 2527046 (E.D. La. June 3, 2014) p. 3.

that matter, the reviewing court reasoned that "[i]t is clear from [the plaintiff's]. deposition and the pretrial order, that [the plaintiff]. and [the defendant bank] never entered into a valid contract to amend the Retirement Plan regarding a lump sum payment to [the plaintiff]."[5] The operative facts below demonstrate how the cited matter is distinguishable from the present matter. Distinguishable from the cited matter, terms for a one time, lump sum payout were offered and accepted without dispute or reservation of rights, rather than a payoff after the disbursal of periodic payments had commenced, thereby maintaining the existence of the plan in question.

Furthermore, the Plaintiff in the present matter received an explicit irrevocable offer from the Defendant for a one-time lump sum payment, which was accepted without any reservations. That offer came with the instructions found below.

> Once you have reviewed this information and read the Special Tax Notice Regarding Plan Payments, follow the |instructions to complete the Qualified Lump Sum Distribution Election Form. ***Return the Qualified Lump Sum Distribution Election Form with your completed forms to the ExxonMobil Benefits Service Center at either address listed below or |online by 7/31/2022. [emphasis added]***

> Regular Mail:                          Overnight Mail: '
> ExxonMobil Benefits Service   Center ExxonMobil Benefits Service Center |
> P.O. Box 18025                      1434 Crossways Blvd
> Norfolk, VA 23501-1867        1st Floor East Wing |
>                                               Chesapeake, VA 23320[6]

---

[5] *Id.*
[6] ROA.279.

2

The Pension Election and Participant Signature and Acknowledgement packet and associated documents were completed and returned to the ExxonMobil Benefits Service Center via US Priority mail on May 12, 2022.[7] The return of the completed Pension Election and Participant Signature and Acknowledgement packet and associated documents via US Priority Mail to the Defendant was his acceptance of the terms contained within the same.[8] The acceptance of the terms offered by the Defendant through the Pension Election and Participant Signature and Acknowledgement packet and associated documents created a binding agreement between the parties upon his acceptance of those terms.[9]

In addition, the "admonishments," as characterized on behalf of ExxonMobil, apply,  as dictated by common sense, only until the agreement on the amount to be remitted could be perfected.[10] Furthermore, the deadline for acceptance, as found among these "admonishments" was July 31, 2022.. Broussard was therefore mandated to act promptly to secure the promised payment.

This agreement was perfected upon delivery of acceptance to the offeror. The benefit was commenced upon acceptance of the original amount. The plan was terminated upon the agreement to liquidate the funds available. Then, ExxonMobil

---

[7] *Id.*
[8] ROA.276-277.
[9] *Id.*
[10] *See* 24-30664, Doc. 18, p. 35-36.

3

breached the subsequent agreement to disburse the funds in the amount of its original offer to Broussard after the plan had terminated.

ExxonMobil's misplaced assertion that Exhibit 1 unauthenticated and therefore admissible does not magically become true because ExxonMobil wishes it to be so.[11] This exhibit was never properly objected to by Exxon Mobil. Furthermore, Exhibit 1 was never stricken from the record by the district court. Therefore, no prohibitions for consideration by this Honorable Court exist despite the vehement protestations of learned counsel. Furthermore, in pure passive-aggressive fashion, ExxonMobil knowingly mistakes facts and then tries to conceal this knowing misstatement of fact by hiding it and other commentary in footnotes.[12]

In the present matter, offer and acceptance terminated the existence of the plan, as the funds were divested. The subsequent agreement simply involved delivery of the same. The delivery of those funds is the subject of a new and separate agreement, independent of the plan. The amount of funds to be remitted had already been agreed upon. The current breach of performance is focused on the failure to deliver - separate agreement. Therefore, agreement was perfected and the transaction completed excepted for delivery of full amount of funds. ExxonMobil clearly, and by its own admission, is in breach of the agreement that it initiated.

---

[11] 24-30664, Doc. 18, p. 36, FN 59.
[12] *Id.*

Since, the transaction in question relates to a previously *agreed upon* payment, the relation to ERISA is severed and a separate transaction relative to offer, acceptance and delivery of a thing becomes predominant. As such, the claim to deliver the thing agreed upon is too tenuous, remote or peripheral a manner to warrant a finding that the law 'relates to' the benefit plan. Therefore, the present claim is at least partially "derive[d] from a breach of promise."[13]

As previously noted, "'some state laws may affect an ERISA plan in 'too tenuous, remote or peripheral a manner to warrant a finding that the law 'relates to' the plan.'"[14] It has been previously demonstrated that the district court committed reversible error when it held that ERISA preempted all of the present claims. In addition, the United States Supreme Court has "recognized that the term 'relate to' cannot be taken 'to extend to the furthest stretch of its indeterminacy,' or else 'for all practical purposes pre-emption would never run its course.'"[15] As such, the present argument of ExxonMobil is devoid of merit. Should this Honorable Court hold that

---

[13] Center for Restorative Breast Surgery, at p. 9, *quoting,* State v. Murphy Cormier Gen. Contractors, Inc., 2015-111 (La. App. 3 Cir. 6/3/15), 170 So. 3d 370, 379-80, *writ denied*, 2015-1297 (La. 9/25/15), 178 So. 3d 573 ("There is a promisor and a promise …, there is cause, there is offer and acceptance, i.e., the promisor offers to do or not do something, and the promisee, accepting that offer or promise, acts accordingly and suffers loss to his detriment.").

[14] Transitional Hosps. Corp. v. Blue Cross and Blue Shield of Texas, 164 F.3d 952, 954, *quoting,* Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

[15] Egelhoff v. Egelhoff, 532 U.S. 141, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001), *quoting* New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co. , 514 U. S. 645, 656 (1995).

ERISA preempts the breach of contract claim, Jason Broussard should be granted leave to amend.[16]

**B.    Appellee's argument fails to demonstrate that the district court did not err when it did not recognize genuine issues of material facts relative to the exhaustion administrative remedies.**

It is well settled that "[a] plaintiff is exempt from ERISA's exhaustion requirement 'when such attempts would be futile.'"[17] The hostility and bias exhibited by ExxonMobil in its choice not to cooperate with Broussard's attempts to seek all available remedies rendered those attempts futile. The company ignored its former employee and hoped he would simply go away. This futility and the ripening other causes of action established herein necessitated the instigation of litigation at the time the present suit was filed.

The futility of Broussard's efforts is best illustrated by the following facts:

1.    Sometime after the completed Pension Payment Election packet was received by the Defendant he received the Pension Benefit Statement and associated documents, produced on May 9, 2022 and sent sometime thereafter, from the Defendant.[18]

---

[16] St. Luke's Episcopal Hosp. v. Louisiana Health Serv. & Indem. Co., No. CIV.A. H-08-1870, 2009 WL 47125,  at 12 (S.D. Tex. 1/6/2009).
[17] ROA.392, *quoting*,  Bourgeois v. Pension Plan for Emps. Of Santa Fe Int'l Corps., 215 F.3d 475, 479 (5th Cir. 2000).
[18] ROA.291-292.

2.     After receipt of the Pension Benefit Statement and associated documents, produced on May 9, 2022 and sent sometime thereafter by the Defendant, the Plaintiff. sent a request for pension plan documents and a written claim disputing the entirety of the calculation of the pension benefit to the Defendant. [19]

3.     Payment of the incorrect sum was not made until July of 2022.

4.     The next communication that he received from the Defendant was the Benefit Calculation Statement produced on October 3, 2022 and delivered to him some time after, more than thirty (30) days after the request for pension plan documents was made.[20]

As shown above, the inherent dispute necessitated the request for assistance and the request for assistance put all relevant parties on notice of the presence of as dispute that Broussard expressed his wish to resolve through administrative channels. ExxonMobil never provided a an actual list of procedures that fully exhaust the pursuit of administrative remedies. In addition, ExxonMobil has yet to provide the district court or the appellate court with such a flow chart.

Suit only came after ExxonMobil ignored all notice from Jason Broussard. In short, Jason Broussard's valid and enforceable claims were disregarded when he

---

[19] ROA.173-176.
[20] ROA.214-215.

7

initially made these claims to his former employer, when he attempted to find a remedy through all available administrative means, and when he sought redress at the district court level

It has been demonstrated that the district court committed a clear abuse of discretion in the present matter when found that "Plaintiffs letter is framed as a request for information, not a claim."[21]. Therefore, the proclamation that "the wholly failed to exhaust this administrative/plan remedies as required by ERISA" when written claim has been ignored is similarly absurd.[22]. As such, the present argument of ExxonMobil is devoid of merit.

### C.     Appellee's argument fails to demonstrate that the district court did not err when it did not recognize a valid complaint under ERISA when sufficient particulars had been pled while the act had not been specifically named.

As demonstrated previously, "'[p]articular situations may not require that the specific legal theory be identified,' and it may be enough that 'at least some notion of the grounds justifying the remedies sought in the proceedings … appear[s].'"[23] In addition "[c]laims raised for the first time in an opposition brief may be considered

---

[21] ROA.392.
[22] ROA.103, para. 2.
[23] B&S Equipment, at p. 3, *See* Ocaso, S.A., Compañia de Seguros y Reaseguros v. P.R. Mar. Shipping Auth, 915 F. Supp. 1244, 1253 (D.P.R. 1996).

as amendments to the original complaint under Federal Rule of Civil Procedure 15(a)."[24]

ExxonMobil complains about lack of fair notice, but parses its quotation of authority to conceal the entire passage from this Honorable Court.[25] As demonstrated in the full quotation of the relevant passage in the cited matter. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[26]

Furthermore, the cited matter referenced a previous decision when it noted that "The Leimer court viewed the Federal Rules — specifically Rules 8(a)(2), 12(b)(6), 12(e) (motion for a more definite statement), and 56 (motion for summary judgment) — as reinforcing the notion that"[27]

> There is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim.[28]

---

[24] St. Luke's Episcopal Hosp. v. Louisiana Health Serv. & Indem. Co., No. CIV.A. H-08-1870, 2009 WL 47125, *See* Stover v. Hattiesburg Public School Dist. , ___F.3d ___, 2008 WL 4911264, at *12 n. 2 (5th Cir. Nov. 18, 2008); Debowale v. U.S. Inc. , 62 F.3d 395, 395 (5th Cir. 1995); Cash v. Jefferson Assocs., Inc., 978 F.2d 217, 218 (5th Cir. 1992); Sherman v. Hallbauer, 455 F.2d 1236, 1242 (5th Cir. 1972).

[25] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 159 L.Ed.2d 929 (2007), *See also* 24-30664, Doc. 18, p. 43.

[26] *Id.*

[27] Bell Atl. Corp., 127 S.Ct. at 159, *quoting* Leimer v. State Mut. Life Assurance Co. of Worcester, Mass., 108 F.2d 302, 306 (C.A. 8 1940).

[28] *Id.*

As such, it is well settled that "[b]ecause Rule 8 is not 'simply a precatory statement but reflects one of the basic philosophies of practice under the federal rules,' federal courts must judge pleadings by their substance, not their form."[29] Moreover, "'[u]nless it affirmatively appears, not from what is omitted to be alleged, but from what is actually alleged, that there is no valid claim or defense,' it is proper to allow improperly pleaded claims to proceed under certain circumstances."[30] Therefore,"'[p]articular situations may not require that the specific legal theory be identified,' and it may be enough that 'at least some notion of the grounds justifying the remedies sought in the proceedings … appear[s].'"[31]

Nowhere has ExxonMobil cited any authority, either statutory or jurisprudential mandating an explicit statement using the term "ERISA." Its adopted position is merely an attempt to play both sides of an argument and incorporate circular logic in hopes of achieving the desired result. Such sufficient particulars were present to establish fair notice, especially when the entire defense of the present claims expounds upon all theories of recovery asserted, either in explicit or implied form.

---

[29] Mixon v. Pohlmann, Civil Action No. 20-1216 (E.D. La. July 25, 2022) at p. 1, *quoting,* A. Benjamin Spencer, Fed. Prac. & Pro. § 1286 (4th Ed. Wright & Miller).

[30] United States ex rel. B&S Equipment Co., Inc. v. North American Specialty Ins. Co., Civil Action No. 21-1373 (E.D. La. Oct. 19, 2021) p. 3, *See* Mims v. Cent. Mfrs. Mut. Ins. Co., 178 F.2d 56, 59 (5th Cir. 1949).

[31] B&S Equipment, at p. 3, *See* Ocaso, S.A., Compañia de Seguros y Reaseguros v. P.R. Mar. Shipping Auth, 915 F. Supp. 1244, 1253 (D.P.R. 1996).

In further examination of the present claims of the Plaintiff, it must be remembered that. "'particular situations may not require that the specific legal theory be identified,' provided that 'at least some notion of the grounds justifying the remedies sought in the proceedings … appear.'"[32] As such, the present argument of ExxonMobil is devoid of merit.

**D.    Appellee's argument fails to demonstrate that the district court did not err when it did not recognize the presence of additional actions available under benefit plan.**

The complaint of so-called obtuse references to breach of fiduciary duty is another red herring employed by ExxonMobil to minimize its liability for other damages.[33] Counsel conveniently focused on the breach of fiduciary duty claim was included as part of an illustrative list of claims to which Broussard could assert while blithely ignoring the claim available for discrimination against once for asserting one's rights.[34]

Any essential legal authorities were cited in the plain language of the plan itself. The timeline of events and the actions of the events and the actions of ExxonMobil clearly establish these claims and furthermore justify the present suit. A cursory analysis of the fact pattern and the acts and omissions attributable to ExxonMobil provide sufficient particulars for the claims to advance.

---

[32] *Id.*
[33] 24-30664, Doc. 18, p. 44.
[34] *See* ROA.178-179, 201-202.

The May 17, 2022 written demand referenced by ExxonMobil in its brief regarded vacation pay the ExxonMobil had failed to remit, a distinct and separate cause of action.[35] The assertion that that letter mentioned anything regarding the plan is yet another knowing misstatement of fact accompanied by an incorrect reference in a footnote by counsel. The text of opening paragraph of that letter appears below.

"This letter is to advise you that the above-named party retained our office to recover unpaid wages, including but not limited to, accrued vacation pay and shift differential pay Mr. Broussard earned prior to his separation ..." [36]

At the time of the writing of that letter, Broussard still believed that ExxonMobil would eventually remit the amount bargained for in the agreement to terminate the plan and distribute the funds from the same. Furthermore, Broussard had been engaged in the in the process of seeking administrative remedies regarding the breach of agreement to remit funds. before he obtained counsel; therefore such statements made by counsel for ExxonMobil is disingenuous.

ExxonMobil continues its attempts to deflect by proclaiming that Broussard "again references his Dyslexia and ADHD diagnoses, as if those conditions can somehow excuse his, and his legal counsel's failure to plead unasserted claims."[37] However, common sense and reality both dictate that those very diagnoses affect

---

[35] 24-30664, Doc. 18, p. 44., FN 84.
[36] *See also,* ROA.12, para. 5, ROA.17-18.
[37] 24-30664, Doc. 18, p. 45.

how the affected person communicates with others. The repugnant tone taken by counsel echoes the blatant disregard exhibited by their client and attempts to justify their inaction. Furthermore, this callous attitude further proves the willful indifference to the efforts taken by Broussard to appeal the wrongful acts and omissions attributable to ExxonMobil.

As demonstrated previously, the acts and omissions committed by ExxonMobil after Jason Broussard initiated his appeal gave rise to the several alternate causes of action. Furthermore, all alternate theories of recovery explicitly or implicitly were stated within the claims presented by the Plaintiff on the face of his Amended Complaint. Moreover, as demonstrated previously, "[c]laims raised for the first time in an opposition brief may be considered as amendments to the original complaint under Federal Rule of Civil Procedure 15(a)."[38] As such, the present argument of ExxonMobil is devoid of merit.

---

[38] St. Luke's Episcopal Hosp. v. Louisiana Health Serv. & Indem. Co., No. CIV.A. H-08-1870, 2009 WL 47125, *See* Stover v. Hattiesburg Public School Dist. , ___F.3d ___, 2008 WL 4911264, at *12 n. 2 (5th Cir. Nov. 18, 2008); Debowale v. U.S. Inc. , 62 F.3d 395, 395 (5th Cir. 1995); Cash v. Jefferson Assocs, Inc., 978 F.2d 217, 218 (5th Cir. 1992); Sherman v. Hallbauer, 455 F.2d 1236, 1242 (5th Cir. 1972).

**E.     Appellee's argument fails to demonstrate that the district court did not err when it did not recognize that shift differential compensation was still owed.**

It is well settled that, "[s]ummary judgment is inappropriate where reasonable minds could differ as to the applicability of *contra non valentem*.[39]

It is presently claimed that the "undisputed facts do not support the application of this doctrine based on Broussard's own testimony."[40] Supposedly, "that he was 'well aware' of differences in the pay of Security FLSs and other job classifications throughout his employment" serves as a bar to the employment of this doctrine.[41] As previously demonstrated, the eligibility for shift differential compensation was not known or reasonably knowable by the plaintiff for some time after he had been promoted. The actions and omissions committed by the defendant concealed this eligibility. Therefore, Plaintiff was prejudiced by the actions of the Defendant and the district court chose to reward the Defendant for those actions.

Compounding the prejudice, the district court ignored the fact the execution of an agreement that could be evidenced by the Plaintiff was precluded by the actions of the Defendant. Thus, given the facts and circumstances of the present claim, the doctrine of *contra non valentem* should be applied by this Honorable Court. In addition, if  any lookback period were to apply to this claim it should commence

---

[39] In re Taxotere (Docetaxel) Prods. Liab. Litig, 995 F.3d 384, 390 (5th Cir. 2021), 390, *See* M.R. Pittman Grp., L.L.C., 182 So. 3d at 24.
[40] 24-30664, Doc. 18, p. 50.
[41] *Id.*

from either the October 2021 date discovery of eligibility or the August 2021 date of the investigation of eligibility. Thus, it has been shown that reasonable minds cannot differ because *contra non valentem* should be applied here.

Eventually, the Plaintiff received a lump sum payment in November 2021, which was meant to cover all shift differentials earned in 2021.[42] However, 2022 payments did not commence as promised. Counsel for ExxonMobil continues to ignore the fact that while shift differential compensation was professed to be included in regular paychecks starting on January 1 2022, the Plaintiff did not receive shift differential payment for the pay period between January 1, 2022 and January 15, 2022.[43] The district court committed reversible error by ignoring this claim - especially since penalty wages would due along with the unpaid shift differential compensation.[44] As such, the present argument of ExxonMobil is devoid of merit.

---

[42] ROA.219¶¶8-9; ROA.137, 6-138, 5
[43] ROA.296.
[44] *See,* La. R.S. 23:631, 23:632.

# IV.  <u>CONCLUSION</u>

Argument on the present matter is best concluded with the Plaintiff's own words.

> Per the above summary, | have made every effort to clarify what am rightfully owed. No one could or would offer any clear explanation as what policy indicates the true value of the pension that is owed to me. The information provided to me either by HR or the ExxonMobil Intranet is what | used to calculate the financial impact that my separation would have on mine and my families future. This false or lack of information could have potentially altered my decision at the time. Therefore, not only was | treated unfairly during my employment, this treatment has continued long after. This treatment has greatly impacted mine and my family's mental health and financial well-being.[45]

Since such sufficient support is present to establish the existence of a genuine issues of material fact, the mover is not entitled to judgment as a matter of law. Thus, these genuine issues of material fact are best decided at a trial on their respective merits. As there are several genuine issues of material of fact yet to litigate, the district court Judgment granting the Motion for Partial Summary Judgment presently appealed from should be reversed by this Honorable Court with all costs associated with the present motion to be borne by the Defendant.

In the alternative, the Plaintiff prays for an order to amend his complaint in accordance with the ruling of this Honorable Court to further clarify the scope of all

---

[45] ROA.212.

allegations previously pled. The Plaintiff additionally prays for any and all additional

relief available under law and equity, as determined by the nature of this case.


Respectfully Submitted,
**Andrew Murrell Law Firm**

BY:  /s/ J. Andrew Murrell
    **J. Andrew Murrell**
    Bar Roll Number:  34003
    1955 Carolyn Sue Drive
    Baton Rouge, LA  70815
    Telephone/Fax: (844) 626-3739
    Email:  Andrew@AndrewMurrell.com
    *Attorney for JASON BROUSSARD*

.

17

# V.    <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that he has electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants, this 31st day of January 2025.

Respectfully Submitted,
**Andrew Murrell Law Firm**

BY: <u>/s/ J. Andrew Murrell</u>
    **J. Andrew Murrell**
    Bar Roll Number:  34003
    1955 Carolyn Sue Drive
    Baton Rouge, LA  70815
    Telephone/Fax: (844) 626-3739
    Email:  Andrew@AndrewMurrell.com
    *Attorney for JASON BROUSSARD*

# VI.   CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1:  this document contains 3,851 words.

2.  This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft® Word for Microsoft 365 MSO (Version 2410 Build 16.0.18129.20158) 32-bit in 14 point Times New Roman.

Respectfully Submitted,
**Andrew Murrell Law Firm**

BY:  /s/ J. Andrew Murrell
    **J. Andrew Murrell**
    Bar Roll Number:  34003
    1955 Carolyn Sue Drive
    Baton Rouge, LA  70815
    Telephone/Fax: (844) 626-3739
    Email:  Andrew@AndrewMurrell.com
    *Attorney for JASON BROUSSARD*

19